UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

                        Chapter 11

CD STORES, LLC,                            Case No. 14 - 11192 (SCC)

                Debtor.
-------------------------------------------------------x
In re:

                        Chapter 11

CD STORE 125TH, LLC,                Case No. 14 - 11195 (SCC)

                Debtor.
-------------------------------------------------------x
In re:

                        Chapter 11

CD STORE ATLANTIC TERMINAL, LLC,    Case No. 14 - 11198 (SCC)

                Debtor.
-------------------------------------------------------x
In re:

                        Chapter 11

CD STORE ROOSEVELT FIELD, LLC,      Case No. 14 - 11199 (SCC)

                Debtor.
-------------------------------------------------------x
In re:

                        Chapter 11

CD STORE PENTAGON CITY LLC,         Case No. 14 - 11200 (SCC)

                Debtor.
-------------------------------------------------------x
In re:

                        Chapter 11

CD STORE NEWPORT CENTRE, LLC,      Case No. 14 - 11202 (SCC)

                Debtor.
-------------------------------------------------------x

SPG/1515351.5/063881

```
------------------------------------------------------x
In re:
                                                        Chapter 11

CD STORE FOX HILLS, LLC,                                Case No. 14 - 11204 (SCC)

                        Debtor.
------------------------------------------------------x
In re:
                                                        Chapter 11

CD STORE LENOX SQUARE, LLC,                             Case No. 14 - 11205 (SCC)

                        Debtor.
------------------------------------------------------x
```

### DECLARATION OF JOHN D. ELMER UNDER
### LOCAL RULE 1007-2 IN CONNECTION WITH CHAPTER 11
### FILINGS AND IN SUPPORT OF CERTAIN "FIRST DAY" MOTIONS

JOHN D. ELMER declares pursuant to 28 U.S.C. § 1746 as follows:

### BACKGROUND

1. I am the Chief Financial Officer and Chief Operating Officer of CD Stores, LLC (the "**Debtor CD Stores**") the above-captioned debtor and debtor in possession. I am also the Chief Financial Officer and Chief Operating Officer of Debtor CD Stores' debtor affiliates.

2. Debtor CD Stores' debtor affiliates are as follows (collectively, the "**Retail Debtors**", and together with Debtor CD Stores, the "**Debtors**"): (i) CD Store 125th, LLC ("**Debtor 125th**"); (ii) CD Store Atlantic Terminal, LLC ("**Debtor Atlantic**"); (iii) CD Store Roosevelt Field, LLC ("**Debtor Roosevelt**"); (iv) CD Store Pentagon City LLC ("**Debtor Pentagon**"); (v) CD Store Newport Centre, LLC ("**Debtor Newport**"); (vi) CD Store Fox Hills, LLC ("**Debtor Fox**"); and (vii) CD Store Lenox Square, LLC ("**Debtor Lenox**").

3. I submit this declaration pursuant to S.D.N.Y. Local Rule 1007-2(a) in connection with the filing of the Debtors' chapter 11 cases under title 11, United States Code (the "**Bankruptcy Code**").

4. On the date hereof (the "**Petition Date**"), each of the Debtors filed their chapter 11 cases. This Declaration describes the business activities and background of the Debtors.

5. The Debtors are authorized to continue to operate and manage their businesses and properties as debtor in possession under Bankruptcy Code §§ 1107(a) and 1108.

**Nature of Debtors' Business and Assets**

6. The Debtors' primary business is the marketing and sales of natural hair, body, and skincare beauty products under the name "Carol's Daughter," from retail stores located in New York, New Jersey, Georgia, Virginia, and California. Carol's Daughter has been known for its natural beauty products for more than 20 years.

7. In 2004, the Carol's Daughter enterprise was founded by Lisa Price in Brooklyn, New York. As of the Petition Date, Lisa Price is the President of each of the Debtors, but does not hold an equity interest in any of the Debtors.

8. I became the Chief Financial Officer and Chief Operating Officer of each of the Debtors in August 2011.

9. Debtor CD Stores does not operate a retail location, and has no employees, but it is the sole member of the Retail Debtors, and guarantor with respect to certain lease agreements for Debtor 125th, Debtor Roosevelt Field, Debtor Lenox, Debtor Newport, Debtor Fox, and Debtor Pentagon.

10. Debtor CD Stores is wholly owned by Carol's Daughter Holdings, LLC, a New York limited liability company ("**CD Holdings**"). CD Holdings is the sole member of Debtor CD Stores, and Carol's Daughter Products, LLC, a Delaware limited liability company ("**CD Products**"). Neither CD Holdings nor CD Products are debtors in the above-captioned case.

11. CD Holdings and CD Products focus on the marketing and sales of Carol's Daughter beauty products direct to consumers, through CarolsDaughter.com, a website owned

and operated by Carol's Daughter Online, LLC[1], as well as to wholesale vendors. The Debtors are not involved in the online marketing and sales of Carol's Daughter beauty products.

12. For the last several years, each of the Retail Debtors, except Debtor Atlantic, operated at a loss, which loss was funded by the Debtors' non-debtor affiliates. Although Debtor 125th operated at a loss, it not only markets the Debtors' products, but it also contains a salon for the Debtors' consumers. The Debtors seek to restructure Debtor Atlantic and Debtor 125th's operations so that they can fund a chapter 11 plan and emerge from chapter 11 as profitable operating retail stores.

13. Recently, Debtors' management determined it was in the best interests of the Debtors and their creditors to transition their business model from selling beauty products in retail stores across the country, to marketing the Debtors' products through fewer retail locations.

14. Accordingly, prior to the Petition Date, the Debtors' management determined that it was appropriate to close the retail stores of certain Retail Debtors, vacate and surrender the premises to the applicable landlords, and seek to consolidate their retail sales efforts around the stores operated by Debtor 125th and Debtor Atlantic.

**The Intercompany Operations**

15. The Retail Debtors' inventory, wages, and other operating costs are advanced by CD Products, a non-debtor affiliate, and booked as an advance to Debtor CD Stores, which shows the amounts due to CD Products. Debtor CD Stores then reflects the amounts due from each Retail Debtor on its books and records. The Retail Debtors then operate from their independent store locations.

16. Prior to the Petition Date, the Retail Debtors' bank accounts were swept daily to upstream sales revenue collected to Debtor CD Stores. Debtor CD Stores then transferred the aggregate amounts collected to CD Products to reduce the amounts due on account of amounts

---

[1] Carol's Daughter Online, LLC is wholly owned by CD Holdings, and does not own any other entities.

advanced by CD Products.

17. After the Petition Date, the Debtors intend to continue to operate as set forth above, except that after revenue from sales earned by Debtor 125th and Debtor Atlantic will be held by Debtor CD Stores and used to fund operations pending confirmation of a chapter 11 plan, for those collective entities.

18. As of the Petition Date, the aggregate amount due to CD Products is $6,822,565.00. That debt is unsecured, and is shown as a liability on Debtor CD Stores' books and records.

19. Each of the Debtors maintain separate books and records. Each Retail Debtor has an amount due to or due from Debtor CD Stores.

**The Debtors' Liabilities and Assets**

20. As of April 20, 2014, the Debtors, on an unaudited basis, had total assets with a book value of approximately $280,435.00 and total liabilities of approximately $7,050,016.00. Other than the large amount due to Debtor CD Stores, the Retail Debtors remaining claims are for lease obligations.

21. In 2013, the Debtors had aggregate losses of $1,173,611.00 on revenues of $3,146,511.00. As of the Petition Date, the Debtors have aggregate losses of $476,531.00. For the calendar year ending December 31, 2014, the Debtors project that they will have losses from sales in the amount of $403,281.00 on revenues of $1,528,000.00, which amounts include estimated costs and expenses to be incurred in connection with the Debtors' chapter 11 cases.

22. Notably, in 2013, Debtor Atlantic had profits of $167,000.00 on revenues of $587,000.00, and it is projected that Debtor Atlantic will have profits of $91,000 on revenues of $466,000.00 in 2014.

**The Decline in the Debtors' Retail Business**

23. Since 2010, with the exception of Debtor Atlantic, the Retail Debtors' business operations have not been profitable, while expenses for rent and wages have increased,

causing the Debtors' business operations to sustain significant losses.

24. As stated above, in response to these challenges, the Debtors reduced their expenses by ceasing business operations in all but two (2) locations: (i) Debtor Atlantic in Brooklyn, New York; and (ii) Debtor 125th in Harlem, New York. As part of that restructuring, the number of the Debtors' total aggregate employees has been reduced from 42 to 13. In addition, Debtor Roosevelt, Debtor Lenox, Debtor Pentagon, Debtor Newport, and Debtor Fox, each vacated their retail store locations, surrendered the premises to their landlords, and transferred any remaining inventory, which was of nominal value, to Debtor Atlantic and Debtor 125th.[2]

25. The Debtors believe that under the protection of this Court, they will be able to restructure their businesses and propose a confirmable chapter 11 plan which will provide greater value to creditors compared to the liquidation of the Debtors' assets.

**The First Day Motions**

26. On the Petition Date, the Debtors filed the following "First Day" motions seeking emergency relief:

- Debtors' Motion for Order Directing Joint Administration of their Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

- Motion to Continue to Use Existing Bank Accounts and Cash Management System

27. I believe that obtaining the relief requested in each of the First Day motions is critical to avoid irreparable harm to the Debtors and their business operations.

28. The motion seeking authorization to continue to use the Debtors' pre-Petition Date bank accounts and checks, as well as its cash management system used to process orders, will save the Debtors, and their professionals, valuable time in making the transition to operating under chapter 11. It will also spare the Debtors the delay in transferring funds

---

[2] The Debtors will account for the value of the inventory so that creditors of each estate are not prejudiced. As reflected in each of the Retail Debtors' Statement of Financial Affairs, the value of the inventory remaining and transferred was nominal.

SPG/1515351.5/063881

between Debtor CD Stores, and the two remaining operating Debtors, Debtor Atlantic and Debtor 125th. In addition, as set forth above, after the Petition Date, the Debtors intend to continue their cash management system, except that revenue from sales earned by Debtor 125th and Debtor Atlantic will be held by Debtor CD Stores to be used to fund operations pending confirmation of a chapter 11 plan.

29. The Debtors' bank accounts are located at Wells Fargo Bank, N.A. which is an approved bank under the Guidelines for Region 2 of the United States Trustee's Office.

30. Employee wages, salaries, and commissions, as well as rental obligations, and expenses for inventory with respect to business operations for Debtor Atlantic and Debtor 125th, will be paid by Debtor CD Stores to the various third-parties vendors, with appropriate accounting entries made. Debtor Atlantic and Debtor 125th will continue to upstream revenue to Debtor CD Stores, to offset such advances, with any excess funds to be used for the Debtors' chapter 11 plan.

**Information Required By Local Rule 1007-2**

31. It is my understanding that Local Rule 1007-2 requires the Debtors to disclose certain information relating to the Debtors' assets, liabilities and financial condition. That information is set forth in **Exhibit "A"** annexed hereto.

## **CONCLUSION**

32. The Debtors believe that under the protection of this Court, they will be able to maximize the value of their assets for the benefit of creditors and other stakeholders, and restructure their businesses in order to successfully emerge from chapter 11.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 23, 2014

**CD STORES, LLC**

By: _/s/ John D. Elmer_
John D. Elmer
Authorized Signatory

**CD STORE 125TH, LLC**

By: _/s/ John D. Elmer_
John D. Elmer
Authorized Signatory

**CD STORE ATLANTIC TERMINAL, LLC**

By: _/s/ John D. Elmer_
John D. Elmer
Authorized Signatory

**CD STORE ROOSEVELT FIELD, LLC**

By: _/s/ John D. Elmer_
John D. Elmer
Authorized Signatory

**CD STORE PENTAGON CITY LLC**

By: _/s/ John D. Elmer_
John D. Elmer
Authorized Signatory

**CD STORE NEWPORT CENTRE, LLC**

By: _/s/ John D. Elmer_
    John D. Elmer
    Authorized Signatory

**CD STORE FOX HILLS, LLC**

By: _/s/ John D. Elmer_
    John D. Elmer
    Authorized Signatory

**CD STORE LENOX SQUARE, LLC**

By: _/s/ John D. Elmer_
    John D. Elmer
    Authorized Signatory