> **YOU ARE RECEIVING THESE DOCUMENTS BECAUSE YOUR CLAIM AGAINST CD STORES, LLC, *ET AL*. IS BEING CHALLENGED FOR THE REASONS DESCRIBED IN THIS OBJECTION AND THE ATTACHED EXHIBITS. YOU ARE NOT REQUIRED TO RESPOND TO THIS OBJECTION, BUT IF YOU DO NOT RESPOND, YOUR CLAIM MAY BE REDUCED OR EXPUNGED AS PROVIDED IN THE OBJECTION. YOU SHOULD CONSIDER CONSULTING WITH AN ATTORNEY REGARDING THIS OBJECTION AND YOUR RIGHTS. THE AFFECTED CLAIMS ARE LISTED ON THE ATTACHED EXHIBITS.**

**SILVERMANACAMPORA LLP**
Attorneys for CD Stores, LLC, *et al.*
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Gerard R. Luckman
Sheryl P. Giugliano

**Hearing Date: September 2, 2014**
**Time: 10:00 a.m.**

**Objections Due: August 26, 2014**
**Time: 4:30 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

CD STORES, LLC, *et al.*,

                              Debtors.
-----------------------------------------------------------------x

Chapter 11

Case No. 14 - 11192 (SCC)

(Jointly Administered)

### DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 4-1 FILED BY CITY OF NEW YORK DEPARTMENT OF FINANCE

TO:  HONORABLE SHELLEY C. CHAPMAN
     UNITED STATES BANKRUPTCY JUDGE:

CD Stores, LLC ("**CD Stores**") and its debtor affiliates (collectively, the "**Debtors**")[1] the above-captioned debtors and debtors-in-possession, respectfully submit this objection (the "**Objection**") seeking entry of an order, substantially in the form annexed hereto as **Exhibit A**, pursuant to section 502 of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Declaration of John D. Elmer in Support of the Objection (the "**Elmer Declaration**") disallowing the proof of claim filed

---

[1] The Debtors in the above-captioned cases are: CD Stores, LLC; CD Store 125th, LLC; CD Store Atlantic Terminal, LLC; CD Store Roosevelt Field, LLC; CD Store Pentagon City LLC; CD Store Newport Centre, LLC; CD Store Fox Hills, LLC; and CD Store Lenox Square, LLC.

by the City of New York Department of Finance ("**Claimant**") designated on the Debtors' claim register as Claim No. 4-1 (the "**Claim**"), and granting the Debtors such further relief as the Court deems proper, and represents as follows:

## BACKGROUND

1. On April 24, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.

2. The Debtors' primary business is the marketing and sales of natural hair, body, and skincare beauty products.

3. Additional information about the Debtors' business and the events leading up to the Petition Date can be found in the Declaration of John D. Elmer Under Local Rule 1007-2 in Connection with Chapter 11 Filings and in Support of Certain First Day Motions, dated April 23, 2014 (ECF Doc. No. 5 ).

4. On April 28, 2014, the Court entered an order (ECF Doc. No. 13) directing the joint administration of the Debtors' cases.

5. On April 29, 2014, the Debtors filed their Schedules and Statement of Financial Affairs (ECF Doc. No. 21).

6. On May 13, 2014, the Court entered an order (ECF Doc. No. 28) establishing June 20, 2014 as the deadline to file proofs of claim in the Debtors' cases for non-governmental units, and October 21, 2014 as the deadline for any "governmental unit" (as that term is defined in Bankruptcy Code § 101(27)) to file proofs of claim in the Debtors' cases.

7. On July 14, 2014, the Debtor filed the *Joint Plan of Reorganization for CD Stores, LLC, et al., Under Chapter 11 of the Bankruptcy Code* (ECF Doc. No. 44) (as amended, the "**Plan**") and the *Disclosure Statement for Joint Plan of Reorganization for CD Stores, LLC, et al., Under Chapter 11 of the Bankruptcy Code* (ECF Doc. No. 45) (as amended, the "**Disclosure Statement**").

8. On July 16, 2014, the Court entered an order (ECF Doc. No. 47) which, among other things, conditionally approved the Debtors' Disclosure Statement and scheduled a hearing for final

approval of the Disclosure Statement and confirmation of the Plan for September 2, 2014.

9. On July 17, 2014, the Debtors filed the *First Amended Disclosure Statement for Joint Plan of Reorganization for CD Stores, LLC, et al., Under Chapter 11 of the Bankruptcy Code* (ECF Doc. No. 49), and the *First Amended Joint Plan of Reorganization for CD Stores, LLC, et al., Under Chapter 11 of the Bankruptcy Code* (ECF Doc. No. 50).

10. The Debtors remain in possession of their property and management of their affairs pursuant to Bankruptcy Code §§ 1107(a) and 1108.

11. No committee, trustee, or examiner has been appointed in these cases.

12. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Bankruptcy Code § 502 and Bankruptcy Rule 3007.

## THE CLAIM

13. On June 13, 2014, Claimant filed the Claim against CD Stores' estates which asserts an unsecured priority claim in the total amount of $166,144.93 based upon CD Stores' alleged failure to pay: (i) general corporation taxes for the tax period beginning April 19, 2004 and ending April 24, 2014, in the principal amount of $48,750, plus interest in the amount of $22,397.92, and penalties in the amount of $12,187.50; and (ii) unincorporated business taxes for the tax period beginning April 19, 2004 and ending April 24, 2014 in the principal amount of $48,750, plus interest in the amount of $21,872.01, and penalties in the amount of $12,187.50. The Claim states that the schedule of taxes due, as indicated on the Claim, is based on estimated taxes. (A copy of the Claim is annexed hereto as **Exhibit B**.)

## THE OBJECTION

14. The Debtors seek entry of an order disallowing the Claim. As set forth below and in the Elmer Declaration, the Claim cannot be a liability of CD Stores or any of the Debtors because, as stated in the Debtors' Statement of Financial Affairs, the Debtors file consolidated tax returns

with Carol's Daughter Holdings, LLC ("**CD Holdings**"), the sole shareholder of CD Stores and a non-debtor. Indeed, as set forth in the Elmer Declaration, CD Holdings either previously paid the taxes for the relevant tax period, or will pay the taxes for the relevant period, on behalf of the consolidated tax group. Thus, the Claim is not a tax liability of CD Stores because CD Stores' tax liabilities are satisfied together with its consolidated tax group by CD Holdings.

15. To the extent that there is liability due for unpaid corporate or unincorporated business taxes, which the Debtors submit there is not, it is a liability of CD Holdings.

16. In addition to the foregoing, the Claim is based on estimated taxes, offering no evidence other than assessing taxes since the date CD Stores was incorporated. The Debtors believe that Claimant was unable to locate payments under CD Stores' tax identification number because it is a member of the consolidated tax group. Rather than verifying this information, Claimant filed the Claim based on an estimate.

17. Prior to filing this Objection, CD Holdings contacted Claimant to advise Claimant of the error in assigning liability to CD Stores, and to request that Claimant withdraw the Claim. The Debtors have filed a Plan and Disclosure Statement, and hope to obtain final approval of the Disclosure Statement and achieve confirmation of the Plan on September 2, 2014, but will need to resolve the Claim prior to making any distributions under the Plan. While Claimant acknowledges receipt of CD Holdings' response to the Claim, it has yet to withdraw the Claim.

18. The Debtors and the Debtors' professionals have reviewed and analyzed the Claim, and based on the facts and circumstances explained above, as well as the Elmer Declaration, submit that CD Holdings has paid the tax liability for the consolidated tax group. To the extent that this is proved incorrect, CD Holdings will satisfy any amounts past due.

19. Bankruptcy Code §502 provides that a trustee of debtor in possession may object to the allowance of a proof of claim filed under Bankruptcy Code §501.

20. For the reasons set forth above, and the Elmer Declaration, CD Stores seeks, pursuant to Bankruptcy Rule 3007, an order disallowing the Claim.

## CONCLUSION

21.     The Debtors served this Objection on: (i) Claimant; (ii) the Office of the U.S. Trustee for Region 2; and (ii) all persons and entities who have filed a requested notice in these cases. The Debtors submit that no additional notice of this Objection is necessary.

22.     No prior request for the relief sought herein has been made to this Court.

**WHEREFORE**, the Debtors respectfully request that the Objection be granted and an order entered substantially in the form annexed hereto as **Exhibit A.**

Dated: Jericho, New York
      August 1, 2014

**SILVERMANACAMPORA LLP**
Attorneys for the Debtors

By:  s/ Gerard R. Luckman
     Gerard R. Luckman
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300